```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH TAGGART               :        CIVIL ACTION
                              :
        v.                    :
                              :
JEFFREY TRAUGER, et al.       :        NO. 25-982
```

MEMORANDUM

Bartle, J.                                September 8, 2025

      Before the court is the motion of plaintiff Kenneth Taggart to file a second amended complaint (Doc. # 21).

      Plaintiff Kenneth Taggart, in his amended complaint, brings fifteen claims under 42 U.S.C. § 1983 against defendants Judge Jeffrey Trauger, Judge Megan King, Judge Megan Sullivan, Judge Correale Stevens, and Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2. All claims relate to the foreclosure of his home as a result of legal proceedings originating in the Court of Common Pleas of Bucks County.[1] He now seeks to add two additional defendants: Judge William P. Mahon and the Sheriff of Bucks County, Frederick Herran. Judge Mahon is a Judge in the Court of Common

---

1. This foreclosure action was brought by Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2. Unless otherwise stated, all subsequent references to docket numbers are to this docket, No. 2018-05654.

Pleas of Chester County who was assigned to preside over the Bucks County foreclosure action.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." A district court may deny leave to amend only if plaintiff does not have a proper basis for relief, such as when a plaintiff unduly delays in seeking the amendment, the amendment is motivated by bad faith, the amendment would be prejudicial to the opposing party, or that such amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). The court may also deny a motion to amend if the proposed complaint would not "withstand a motion to dismiss." See Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).

In his proposed second amended complaint, plaintiff asserts that Judge Mahon issued an order in a foreclosure action brought by Deutsche Bank on July 10, 2025[2] which "adjudicate[ed] claims against Taggart and his property in which his due process and property rights have been violated, and continue to be violated." Proposed Second Amended Complaint at ¶ 246, Taggart

---

2.  Judge Mahon entered three orders that day. The first denied Diane Kramer's petition to intervene (Doc. # 335). The second denied an emergency motion to stay sheriff's sale (Doc. # 336), and the final order denied plaintiff's motion for leave to reassess damages and defendant's motion to set aside writ of execution (Doc. # 337). The court may take judicial notice of these judicial documents. See Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014); see also In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

v. Trauger, Civ. A. No. 25-982 (E.D. Pa. July 10, 2025) (Doc. # 21) ("SAC").  He further asserts that Judge Mahon "deprived Taggart of discovery, granted an unnecessary protective order, and denied due process and meaningful hearing."  Id. at ¶ 247.  The following day, plaintiff filed an "amended motion/petition emergency to stay (postpone) sheriff sale" (Doc. # 345) and appealed to the Superior Court (Doc. # 338).

Sheriff Herran scheduled the property to be put up for sale on July 11, 2025.³  Plaintiff seeks to sue the Sheriff for the sale in his individual and official capacity because Sheriff Herran "stands to compound [constitutional] harms should [he] offer for sale and/or preside over a Sheriff Sale of the property in continued violation of the Taggart's rights as described herein."  SAC at ¶ 258.  He also seeks damages against Sheriff Herran for $10,000,000 for each violation.

Federal courts lack subject matter jurisdiction where a plaintiff complains of injuries caused by state court judgments and asks the federal court to review and reject such judgments.  See Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

---

3.  The sale occurred on July 11, 2025 (Doc. # 348).  As plaintiff filed his motion to amend his first amended complaint on July 10, 2025, his proposed second amended complaint does not allege that the sale occurred.  However, such sale did in fact occur on July 11, 2025.  The property was sold to Deutsche Bank (Doc. # 348) and the deed was recorded on August 4, 2025 (Doc. # 355).

This axiom, referred to as the Rooker-Feldman doctrine, applies where: (1) plaintiff has lost in state court; (2) the state court decision caused the claimed injuries; (3) the decision or decisions were rendered before the plaintiff filed the federal suit; and (4) plaintiff is inviting the federal court to review and reject the state court decisions.  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010), cert. denied, 131 S. Ct. 1798 (2011).  A federal court may not hear a constitutional claim where it is "inextricably intertwined" with the state court's decision.  Feldman, 460 U.S. at 482.

        Plaintiff's claim against Judge Mahon has been filed on the basis of his July 10, 2025 order.  Plaintiff lost in state court, as Judge Mahon ordered that a sheriff's sale occur.  Plaintiff asserts that his injury occurred as a result of Judge Mahon's decision to order a sheriff's sale and that such sale would impair his constitutional rights.  That decision was rendered before plaintiff filed his motion seeking to amend his complaint to bring claims against Judge Mahon.  In addition, plaintiff seeks to have this court overturn Judge Mahon's decision to order a sheriff's sale of the foreclosed property.  This court does not have subject matter jurisdiction to adjudicate plaintiff's claim against Judge Mahon.

Next, the court turns to plaintiff's claim against Sheriff Herran. In Gray v. Martinez, our Court of Appeals affirmed the district court's decision to dismiss a claim arising out of a state foreclosure action on the basis that the relief sought by plaintiff was barred by the Rooker-Feldman doctrine. Plaintiff sought relief against the Sheriff of Delaware County on the ground that he had scheduled a sheriff's sale as a result of the state court's purportedly unlawful decision to allow foreclosure on a property owned by plaintiff's mother. 465 F. App'x 86, 87 (3d Cir. 2012). Our Court of Appeals concluded that dismissal as to the Sheriff of Delaware County was proper because he "brought about [the state court decision's] outcome" and because a finding that the Sheriff's conduct was unlawful would require the federal court to "directly review the validity of the state court judgment" in violation of Rooker-Feldman. Id. at 89.

In this action, plaintiff asserts that Sheriff Herran violated his constitutional rights by offering for sale the purportedly improperly foreclosed property. This allegation invites this court to reconsider the decision made by Judge Mahon to order a sale of the foreclosed property and mirrors the allegation in Gray which was dismissed. Pursuant to Rooker-Feldman, this court does not have subject matter jurisdiction over plaintiff's claim against Sheriff Herran.

-6-

      As plaintiff's claims against Judge Mahon and Sheriff Herran would be futile due to this court's lack of subject matter jurisdiction, the motion to seek to file a second amended complaint will be denied.