IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH TAGGART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JEFFREY TRAUGER, et al. | : | NO. 25-982 |

MEMORANDUM

Bartle, J.                                      November 24, 2025

        Plaintiff Kenneth Taggart brings this action pursuant
to 42 U.S.C. § 1983.  He alleges various constitutional
violations relating to a default and foreclosure on his property
in Bucks County, Pennsylvania, and to the subsequent state court
proceedings.  He has sued Judge Jeffrey Trauger of the Bucks
County Court of Common Pleas, as well as Judges Megan King,
Megan Sullivan and Correale Stevens of the Superior Court of
Pennsylvania.  All the judicial defendants have been sued in
their official and individual capacities.  The remaining
defendant is Deutsche Bank National Trust Company N.A.
(hereinafter Deutsche Bank).  Plaintiff is seeking injunctive
and declaratory relief for the alleged deprivation of his
constitutional rights against all defendants as well as damages
against Deutsche Bank.

        Before the court are the motions of all defendants to
dismiss plaintiff's amended complaint pursuant to Rules 12(b)(1)
or 12(b)(6) of the Federal Rules of Civil Procedure.

I

Federal Rule of Civil Procedure 12(b)(1) governs jurisdictional challenges to a complaint.  "When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction the accompanying defenses become moot and need not be addressed."  Walthour v. Herron, No. 1690, 2011 WL 1325981, at *1 (E.D. Pa. Apr. 7, 2011) (citing Tagayun v. Stolzenberg, 239 Fed. App'x 708, 710 (3d Cir. 2007)).

To determine the correct standard of review under a Rule 12(b)(1) motion to dismiss, the court must first evaluate whether the defendant is submitting a facial or a factual challenge.  Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).  A facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites.  Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).  The defendants' argument that the Rooker-Feldman doctrine bars the complaint here is a factual challenge under Rule 12(b)(1) because the court will be considering the well-pleaded facts and the undisputed underlying

state court record.  See, e.g., Humphreys v. Wells Fargo Bank,
N.A., No. 20-5367, 2021 WL 5726995, at *1 n.1 (E.D. Pa. Mar. 30,
2021); Mason v. Bank of Am., N.A., No. 13-3966, 2013 WL 5574439,
at *4 (E.D. Pa. Oct. 10, 2013); Jiricko v. Bennett, Bricklin &
Satlzburg, LLP, 321 F. Supp. 2d 636, 640 (E.D. Pa. 2004).

Rule 12(b)(6) provides for the dismissal of a
complaint, in whole or in part, if it fails to state a claim
upon which relief can be granted.  When considering a motion to
dismiss for failure to state a claim under Rule 12(b)(6), the
court must accept as true all well-pleaded factual allegations
in the complaint and draw all reasonable inferences in the light
most favorable to the plaintiff.  See Phillips v. Cnty. of
Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO
Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  When there
is a document "integral to or explicitly relied upon in the
complaint," it may also be considered as there is no concern of
lack of notice to the plaintiff.  See Schmidt v. Skolas, 770
F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat
Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)
(quotation marks omitted)).  The court may also take judicial
notice of matters of public record.  See Schmidt v. Skolas, 770
F.3d 241, 249 (3d Cir. 2014) (quoting Pension Benefit Guar.
Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d
Cir.1993)).

-3-

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide "enough [factual allegations] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Id. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## II

The following facts drawn from the amended complaint are taken as true for present purposes. The court also takes judicial notice of the state court record in Deutsche Bank Nat. Trust Com. v. Taggart, No. 627 EDA 2021 (Pa. Super. Ct. 2021).

On October 1, 2018, Deutsche Bank, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, commenced a

mortgage foreclosure action against plaintiff in the Court of Common Pleas of Bucks County.  The matter went to mediation, but no agreement was attained.  Judge Trauger then presided over the action and issued multiple pre-trial orders in favor of the mortgagee Deutsche Bank and against the plaintiff, the mortgagor.  Finally, the Judge granted Deutsche Bank's motion for summary judgment on March 15, 2021.  The court entered an *in rem* judgment in favor of Deutsche Bank in the amount of $835,182.13 on the same day.  See <u>Deutsche Bank Nat. Trust Com.</u> <u>v. Taggart</u>, No. 2018-05654-40, 2021 WL 1258418, at *1 (Pa. Com. Pl. Mar. 15, 2021).

Plaintiff filed three related appeals to the Pennsylvania Superior Court which were heard by Judges King, Sullivan and Stevens.  His first appeal was filed on April 30, 2019.  Plaintiff argued that Judge Trauger should have sustained at least one of his preliminary objections.  His second notice of appeal, filed on March 12, 2021, was grounded in Judge Trauger's denial of his motion to dismiss.  His third appeal challenged the grant of Deutsche Bank's motion for summary judgment.  Judges King, Sullivan and Stevens quashed the first two appeals because they were taken from interlocutory, unappealable orders.  They affirmed the *in rem* judgment in favor of Deutsche Bank in the amount of $835,182.13 on October 12, 2023.

-5-

The Superior Court denied plaintiff's application for reargument.  Plaintiff then filed a petition for allowance of appeal to the Pennsylvania Supreme Court on January 22, 2024. It denied the petition by a per curiam order on November 20, 2024.  The case was remitted to the Bucks County Common Pleas Court on January 27, 2025.

Plaintiff asserts numerous reasons why Judge Trauger and the Superior Court judges violated his constitutional rights.  He maintains that the judges erred as to the defects in the default notice given by Deutsche Bank to plaintiff and misapplied the relevant statute of limitations.  Plaintiff also complains they improperly denied his challenges to standing, jurisdiction, and ownership, relied on insufficient record evidence to make their decisions, and wrote opinions that omitted and misrepresented relevant facts.  Finally, he claims that he was denied his due process and property rights when the Superior Court ignored the fact that Judge Trauger denied him a hearing before making a final decision on Deutsche Bank's motion for summary judgment.

Plaintiff commenced this action on February 24, 2025, after the state court judgment had been decided and fully litigated and after plaintiff had lost.  He filed his amended complaint on June 20, 2025.  It included fifteen claims for violations of civil rights under 42 U.S.C. § 1983 caused by all

-6-

defendants acting under color of state law.  Nine claims were
jointly filed against the judicial defendants and Deutsche Bank.
Those claims are labeled interference with contract, due
process, failure to guarantee equal application of the law, ex
post facto application of the statute of limitations, failure to
proffer reasoning or an opinion for their application of the
law, and no hearing prior to granting judgment.  The relief
sought with respect to those claims is injunctive and
declaratory relief.

        The remaining six claims are against Deutsche Bank.
They allege due process violations, deprivation of discovery,
interference with contract, and ex post facto application of the
statute of limitations.  As to these claims, plaintiff seeks
damages.

                              III

        All defendants argue that this suit should be
dismissed for lack of subject matter jurisdiction under Rule
12(b)(1) based on the Rooker-Feldman doctrine.  The doctrine
takes its name from two Supreme Court decisions: Rooker v.
Fidelity Trust Co., 263 U.S. 413 (1923), and District of
Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

        The Rooker-Feldman doctrine prohibits the district
court from exercising subject matter jurisdiction under certain
narrow circumstances.  Exxon Mobil v. Corp. v. Saudi Basic

                              -7-

Indus. Corp., 544 U.S. 280, 284 (2005); Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163–64 (3d Cir. 2010). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp., 544 U.S. at 284. Rooker-Feldman is distinct from the question whether claim or issue preclusion defeats the lawsuit. Id. at 284, 293; Great W. Mining, 615 F.3d at 170. It does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate a matter previously litigated in state court." Exxon Mobil Corp., 544 U.S. at 293. As our Court of Appeals has explained, echoing Exxon, the Rooker-Feldman doctrine deprives federal courts of subject matter jurisdiction over claims only when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining, 615 F.3d at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

        The first and third requirements of Rooker-Feldman have been satisfied as to all defendants. Plaintiff lost in the

state court and judgment was rendered before this federal
lawsuit was filed on February 24, 2025.  The judgment became
final at the latest when the Pennsylvania Supreme Court denied
plaintiff's petition for allowance of appeal on November 20,
2024.

        As to the second and fourth requirements of Rooker-
Feldman, the plaintiff must complain of injuries caused by the
state court judgment and invite the court to review and reject
it.  Plaintiff without question complains of injuries caused by
the state court judgment.  The injuries plaintiff alleges
jointly against Deutsche Bank and the judicial defendants stem
solely from the actions of Deutsche Bank in the foreclosure
proceedings and the decisions of the state court judges.  He
asserts that the judicial defendants violated his due process
and property rights when they ignored notice requirements and
other challenges to ownership, applied the wrong statute of
limitations, admitted erroneous evidence, wrote insufficient
opinions, and denied him a hearing and discovery rights.  None
of the plausible claims against the judicial defendants
challenge any collateral action or conduct on their part
separate from the foreclosure action and their decisions.  All
are inextricably bound with their decisions rendered in their
adjudicatory capacity.  Plaintiff also complains that Deutsche
Bank altered the mortgage contract unilaterally, filed motions

that deprived Plaintiff of the ability to depose witnesses, and filed claims asserting an improper statute of limitations. There are no plausible allegations of the defendants' conduct after the judgment was finally entered.

Plaintiff seeks damages against Deutsche Bank who was a party in the foreclosure action. The only basis for such relief is the invalidity of the state court judgment. To this extent, plaintiff is seeking to have this court review and reject it. Deutsche Bank has met all the requirements for the application of Rooker-Feldman to plaintiff's damage claims against it.

The plaintiff also seeks injunctive relief against all defendants but only to prevent the defendants from causing future harm. In this respect, the plaintiff is not challenging the state judgment as the court need not reject, that is invalidate, the judgment in order for the plaintiff to prevail on this remedy. Rooker-Feldman does not present a jurisdictional bar to federal review when the plaintiff asserts not that the state-court decisions should be overturned but that the parties, as a result of their past conduct, will be violating his rights in the future. Geness v. Cox, 902 F.3d 344, 360-61 (3d Cir. 2018); Great W. Mining, 615 F.3d at 172-73. Here, the claim is independent of the state judgment and can be decided without overturning the judgment. The Rooker-Feldman

-10-

doctrine does not apply to his claims insofar as they are
requests for injunctive relief.

Finally, plaintiff asks this court to declare that
various actions of all the defendants in the rendering of the
judgment violated his due process rights.  In this regard,
plaintiff is directly challenging the validity of the state
court judgment and does not assert any independent right.
Declaratory relief cannot be granted without a declaration that
the judgment is invalid.  See Van Tassel v. Lawrence Cnty.
Domestic Rels. Sections, 390 F. App'x 201, 203 (3d Cir. 2010)
(per curiam); Great W. Mining, 615 F.3d at 168.  The Rooker-
Feldman doctrine deprives this court of jurisdiction to the
extent plaintiff seeks declaratory relief against the
defendants.

Accordingly, this court lacks subject matter
jurisdiction under Rooker-Feldman over plaintiff's damages
claims against Deutsche Bank and over his claims for declaratory
relief against all defendants.  The Rooker-Feldman defense does
not destroy the court's subject matter jurisdiction over
plaintiff's claims for injunctive relief.

IV

The judicial defendants assert that to the extent the
Rooker-Feldman doctrine does not apply this action should be

-11-

dismissed under Rule 12(b)(6) on the ground that they are immune from suit.

It has been well established by the Supreme Court that it is of the "highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)).  The Court explained that the immunity is expansive: "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Id. at 356-57 (quoting Bradley, 80 U.S. at 351). Immunity applies when judges are sued in their individual or official capacities.  See Mireles v. Waco, 502 U.S. 9, 12 (1991)); see also Jaye v. Att'y Gen. New Jersey, 706 F. App'x 781, 784 (3d Cir. 2017).  The Supreme Court has specifically applied judicial immunity in actions under 42 U.S.C. § 1983. Sparkman, 435 U.S. at 356; see also Corliss v. O'Brien, No. 05-0347, 2005 WL 2334792, at *2 (M.D. Pa. Sept. 23, 2005).

Immunity protects judges only when they are functioning in their adjudicatory capacity.  Sparkman, 435 U.S. at 359-62; see also Brandon E. ex rel. Listenbee v. Reynolds,

201 F.3d 194, 199 (3d Cir. 2000).  The allegations regarding

Judge Trauger's conduct are all connected to his decisions while

discharging his judicial duties in Deutsche Bank's lawsuit in

Bucks County against plaintiff.  Plaintiff's allegations

relating to the three Superior Court judges concern the

resolution of plaintiff's appeals and are likewise adjudicatory

in nature.

        Thus, judicial immunity will bar the claims against

the judicial defendants unless they acted in the clear absence

of all jurisdiction.  <u>Sparkman</u>, 435 U.S. at 356–57 (1978)).  The

Pennsylvania Courts of Common Pleas have unlimited original

jurisdiction over all legal proceedings in the Commonwealth,

with a few exceptions not relevant here.  <u>See</u> Pa. Const. art. 5,

§ 5; 42 Pa. Cons. Stat. § 931(a)); <u>see also</u> <u>Beneficial Consumer</u>

<u>Disc. Co. v. Vukman</u>, 77 A.3d 547, 552 (2013).[1]  Plaintiff cites

no authority that Judge Trauger, sitting in Bucks County Court

of Common Pleas, did not have jurisdiction over the foreclosure

action involving real estate in Bucks County.  The Superior

Court of Pennsylvania has exclusive appellate jurisdiction of

appeals from the Courts of Common Pleas, regardless of the

_____

[1]     For example, the courts of common pleas do not have
jurisdiction over civil actions against the Commonwealth
government; instead, the Commonwealth Court has original
jurisdiction over those matters.  <u>See, e.g.</u>, <u>Com. v. Danysh</u>, 833
A.2d 151, 152 (2003).

nature of the controversy or the amount involved, except in classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.  42 Pa. Cons. Stat. § 742.  The jurisdiction of the Superior Court includes an appeal from the trial court's grant of summary judgment.  See, e.g., Allied First Bank, SB v. Nelson, 328 A.3d 391, 392 (Pa. Super. Ct. 2024).  Plaintiff cites no statute or precedent that the three Superior Court judges did not have jurisdiction to hear and decide plaintiff's appeals.

Plaintiff simply argues that the judicial defendants did not have jurisdiction because Deutsche Bank failed to adhere to notice requirements of state law with respect to a foreclosure action.  However, an attack on state law notice requirements does not create a defect in jurisdiction.  The Pennsylvania Supreme Court has previously found that statutory notice requirements do not impose jurisdictional prerequisites on mortgage foreclosure actions.  See Beneficial Consumer Disc. Co. v. Vukman, 77 A.3d 547, 552–53 (2013).  Instead, notice requirements of the relevant law "fit comfortably in the procedural realm as they set forth the steps a mortgagee with a cause of action must take prior to filing for foreclosure."  Id. at 553.  While there may have been procedural defects in the matter if a defendant did not meet the statutory requirements,

it would not affect the jurisdiction of the state courts to hear
the matter.

The other jurisdictional defects plaintiff asserts are
unavailing because the plaintiff simply raises issues such as
the statute of limitations which are not jurisdictional.  In
sum, plaintiff's argument that the judicial defendants acted in
the clear absence of all jurisdiction is without merit.

Plaintiff, as noted, seeks both injunctive and
declaratory relief against the judicial defendants but not
damages.  Section 1983 by its terms puts restrictions on
injunctive relief against judicial officers.  Even if judicial
immunity does not apply and injunctive relief were available,
plaintiff's claims still fail.  Issuance of an injunction
requires a threat of future harm.  Ke v. DiPasquale, 828 F.
App'x 98, 101 (3d Cir. 2020) (citing City of Los Angeles v.
Lyons, 461 U.S. 95, 105-07 (1983)).  Plaintiff does not
plausibly allege any current or likely threat of future harm
from any of the judicial defendants.  Moreover, declaratory
relief is designed to settle current disputes which affect the
behavior of a defendant towards the plaintiff.  Hewitt v. Helms,
482 U.S. 755, 761-62 (1987).  All the harms alleged in the
amended complaint occurred in the past and cannot be the subject
of declaratory relief.  See Corliss v. O'Brien, 200 Fed. App'x
80, 84 (3d. Cir. 2006); see also ACLU of Massachusetts v. United

<u>States Conference of Catholic Bishops</u>, 705 F.3d 44, 53 (1st Cir. 2013).

The judicial defendants were acting in their adjudicatory capacities and had jurisdiction over the foreclosure action.  Immunity bars plaintiff's action against them.  Since the action must be dismissed as to the judicial defendants based on immunity, the court does not need to reach their remaining arguments.

V

Deutsche Bank asserts that even if the court has subject matter jurisdiction over plaintiff's claims against it, plaintiff fails to state claims upon which relief can be granted because claim and issue preclusion bar such claims.

A federal court is bound by the Full Faith and Credit Act, 28 U.S.C. § 1738, and must give a prior state judgment the same effect as would the adjudicating state.  <u>Gregory v. Chehi</u>, 843 F.2d 111, 116 (3d Cir. 1988).  This rule applies when assessing both the issue and claim preclusive effect of the state court judgment.  <u>McNasby v. Crown Cork & Seal Co.</u>, 888 F.2d 270, 276 (3d Cir. 1989).  This court must decide whether Pennsylvania law would preclude plaintiff's claims against Deutsche Bank.

In Pennsylvania, "[t]he doctrine of res judicata holds that a final valid judgment upon the merits by a court of

-16-

competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." Dempsey v. Cessna Aircraft Co., 653 A.2d 679, 680-81 (Pa. Super. Ct. 1995) (*en banc*) (citation modified).  Res judicata encompasses both issue preclusion and claim preclusion and bars the relitigation of issues that either were raised or could have been raised in the prior proceeding.  Khalil v. Cole, 240 A.3d 996, 1001-02 (Pa. Super. Ct. 2020) (quoting McArdle v. Tronetti, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993)) (internal quotation marks omitted).

Deutsche Bank filed a foreclosure action against plaintiff in the Court of Common Pleas of Bucks County.  On March 15, 2021, the court granted Deutsche Bank's motion for summary judgment and entered an *in rem* judgment in favor of Deutsche Bank in the amount of $835,182.13.  That judgment was affirmed by the Superior Court, and the Pennsylvania Supreme Court denied plaintiff's petition for allowance of an appeal. The state court judgment is a final, valid judgment on the merits of a court of competent jurisdiction.

According to the Pennsylvania Supreme Court, four elements common to both actions must be present for claim preclusion[2] to apply: an identity of issues, an identity of

---

[2]    Pennsylvania courts often refer to claim preclusion as "technical res judicata" because res judicata encompasses both

causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued.  In re Coatesville Area Sch. Dist., 244 A.3d 373, 379-80 (2021) (internal quotation and citation marks omitted). The actions do not have to be identical in terms of relief sought if based on the same transaction.  Nor do the parties have to be identical as long as they are in privity.  Khalil v. Cole, 240 A.3d 996, 1002 (Pa. Super. Ct. 2020).  Essentially, in applying preclusion principles, "[t]he thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights."  Slater v. Slater, 94 A.2d 750, 751 (1953).

     The issues that plaintiff raises in this action, including that Deutsche Bank did not adhere to certain notice requirements and unilaterally altered their contract, center around the mortgage and subsequent foreclosure proceedings. These issues were raised or could have been raised in the prior state court proceeding.  The present claims, while not identical to those previously asserted, stem from injuries which were or

---

claim and issue preclusion.  See, e.g., Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.), 776 A.2d 362, 365 (Pa. Commw. Ct. 2001).

could have been disputed in the earlier state lawsuit.  See Dempsey v. Cessna Aircraft Co., 653 A.2d 679, 682 (1995).

There can be no doubt that plaintiff is seeking to relitigate against Deutsche Bank the foreclosure action finally decided on its merits by the Court of Common Pleas of Bucks County and affirmed on appeal.  Both plaintiff and Deutsche Bank had the opportunity to appear and assert their rights.  See Stevenson v. Silverman, 208 A.2d 786, 788 (1965).  Adding to this federal action judicial defendants who are immune from suit cannot be viewed as anything more than a contrivance or scheme to defeat claim preclusion.  Id.

Because the factors needed to apply Pennsylvania's preclusion law are met, the claims against Deutsche Bank are barred and will be dismissed.[3]

---

[3]     Since claim preclusion bars this action against Deutsche Bank, the court does not reach the question whether this defendant may be sued under § 1983 as a state actor.